GERALD ALLEN [GA-0950]
GOLDBERG & ALLEN, LLP
49 West 37th Street, 7th Floor
New York, New York  10018
212-766-3366

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X
HELENE PARNES,

                           Plaintiff,                       Case No. 08 CV 3010
                                                                     ECF
                                                                        Judge Castel

                                                                   **COMPLAINT**

             - against -                             **PLAINTIFF DEMANDS**
                                                                   **A TRIAL BY JURY**

THE CITY OF NEW YORK; POLICE OFFICER
 AVA WILLIAMS, SHIELD 29777; and POLICE
OFFICER JOHN DOE 1-5,

                           Defendants.
------------------------------------------------------------------------X

     Plaintiff, HELENE PARNES, by her attorneys Goldberg & Allen, LLP, as and for his complaint against Defendants, alleges as follows:

**PARTIES, JURISDICTION and VENUE**

     1.    Plaintiff, HELENE PARNES,  is a 61 year-old female and is a citizen of the United States residing in New Jersey.  At all times relevant hereto, PARNES resided at 34 Highland Avenue, Maplewood, New Jersey.

     2.    Defendant, City of New York ("NYC"), is a municipality within the State of New York, which includes New York County.  Defendant NYC maintains and is responsible for a police force, the New York City Police Department ("NYPD").

     3.    Upon information and belief, Defendant Police Officer AVA WILLIAMS ,

Shield Number 29777, was at all relevant times a police officer with the NYPD, temporarily assigned that day to the 17th Precinct. WILLIAMS, the arresting officer of PARNES is being sued in both her official and individual capacities.

4. Upon information and belief, Defendant POLICE OFFICERS JOHN DOE 1-5 (DOES), whose true names are unknown, were at all relevant times police officers assigned to the 17th Precinct, who participated in the arrest and prosecution of PARNES. The DOE defendants are being sued in their official and individual capacities.

5. Original jurisdiction of this Court is founded upon 28 U.S.C. §1331,1332 et seq.

6. Venue is properly laid in this District pursuant to 28 U.S.C. §1391(b).

7. No Notice of Claim has been filed in this action, although all causes of action are brought pursuant to controlling Federal constitutional and statutory law within three years of the date of accrual of the earliest cause of action, which was September 24, 2007.

## FACTS GIVING RISE TO THE CAUSES OF ACTION

8. At approximately 12:10 p.m on September 24, 2007, HELENE PARNES, a then sixty year-old female who had never before been arrested, was near the intersection of East 47th Street and 2nd Avenue in Manhattan, protesting the presence in New York City of the President of Iran, Mahmoud Ahmadinejad.

9. As PARNES peacefully carried a sign protesting Ahmadinejad's anti-American and anti- Semitic policies and actions, she was instructed by Defendant WILLIAMS to drop the sign to the street. PARNES complied with WILLIAMS' request.

10. After PARNES had dropped the sign , Defendant WILLIAMS grabbed her,

placed her in handcuffs, and escorted her into the rear of a police van.

11. Defendant WILLIAMS and the DOE defendants then brought PARNES to the 17th Precinct, where she was held for many hours in a cell and subjected to personal and anti- Semitic taunts by the DOE defendants.

12  During the time PARNES was in Defendant WILLIAMS custody, WILLIAMS intentionally struck PARNES in the head.

13. PARNES was brought to court the next day and was charged with numerous misdemeanor offenses under Docket Number 2007NY072696.

14. PARNES hired an attorney and return to court on two more occasions, before the case was dismissed on January 23, 2008.

15. As a result of the false arrest and malicious prosecution, PARNES suffered severe emotional injury.  Further, PARNES continues to suffer headaches and other damage as a result of WILLIAMS having struck her in the head.

## FIRST CAUSE OF ACTION

16. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 15 of the complaint as if incorporated and reiterated herein.

17. Plaintiff's arrest was made without probable cause and was therefore in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

18. By reason thereof, Defendants violated 42 U.S.C. §1983 and caused Plaintiff to suffer the loss of her constitutional rights, economic damages, emotional distress and mental anguish.

## SECOND CAUSE OF ACTION

19. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 18 of the complaint as if incorporated and reiterated herein.

20. The prosecution, premised on the false statements by defendants, constituted a malicious prosecution of the Plaintiff in violation of the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

21. By reason thereof, Defendants violated 42 U.S.C. §1983 and caused Plaintiff to suffer the loss of her constitutional rights, economic damages, emotional distress and mental anguish.

## THIRD CAUSE OF ACTION

22. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 21 of the complaint as if incorporated and reiterated herein.

23. Defendant WILLIAMS striking of Plaintiff in the head constituted an assault and battery of Plaintiff in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

24. By reason thereof, Defendants violated 42 U.S.C. §1983 and caused Plaintiff to suffer the loss of her constitutional rights, economic damages, emotional distress and mental anguish.

## FOURTH CAUSE OF ACTION

25. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 24 of the complaint as if incorporated and reiterated herein.

26. NYC and the NYPD had a duty to competently and sufficiently train the individual defendants in the protection of the constitutional rights of Plaintiff under the Fourth and Fourteenth Amendments of the United States Constitution and Article 1, §§ 11 and 12 of the Constitution of the State of New York.

27. NYC and the NYPD, its agents, servants and employees, were negligent in failing to afford the individual defendants the proper and necessary training and supervision, specifically, the proper methods and precautions to be taken when interacting with persons exercising their First Amendment rights, such that the conduct of the individual defendant officers herein would not occur.

28. Instead, NYC and the NYPD, have condoned the arrest of persons who were engaged in the exercise of protected First Amendment conduct.  This is particularly so in the case of politically motivated protests, such as the Republican National Convention or those against hostile foreign regimes such as Iran. As a result it has become the pervasive custom and practice of individual police officers and of the NYPD to make arrests under color of law regardless of their legality as a means of suppressing political debate.

29. By reason thereof, Defendants violated  42 U.S.C. §1983 and caused Plaintiff to suffer the loss of her constitutional rights, economic damages, emotional distress and mental anguish.

**DEMAND FOR A JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demand a jury trial of all issues capable of being determined by a jury.

**WHEREFORE**, the Plaintiff demands judgment against Defendants as follows:

    i)    On the first cause of action, actual and punitive damages in an amount to be determined at trial;

    ii)    On the second cause of action, actual and punitive damages in an amount to be determined at trial;

    iii)    On the third cause of action, actual and punitive damages in an amount to be determined at trial;

    iv)    On the fourth cause of action, actual and punitive damages in an amount to be determined at trial;

    v)    Statutory attorney's fees and disbursements pursuant to 42 U.S.C. §1988, and costs of this action; and

    vi)    Such other relief as the Court deems just and proper.

Dated: New York, New York
          March 21, 2008

                              Goldberg & Allen, LLP
                              Attorneys for Plaintiff

                        By: _____
                              Gerald Allen [GA-0950]
                              49 West 37th Street, 7th Floor
                              New York, New York 10018
                              (212) 766-3366