UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

HELENE PARNES,

                            Plaintiff,

               -against-

CITY OF NEW YORK, POLICE OFFICER AVA
WILLIAMS, SHIELD 29777 and POLICE OFFICERS
JOHN DOE 1-5,

                           Defendants.
------------------------------------------------------------------------x

**ANSWER**

**08CV03010**

**JURY TRIAL DEMANDED**

**This document has been electronically filed.**

        Defendants the City of New York (the "City") and Police Officer Ava Williams (collectively "defendants"), by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the complaint.

        2.    Deny the allegations set forth in paragraph 2 of the complaint, except admit that the City is a municipality within the State of New York and that it maintains the New York City Police Department ("NYPD").

        3.    Deny the allegations set forth in paragraph 3 of the complaint, except admit that defendant Police Officer Ava Williams is employed by the City as a police officer for the NYPD.

        4.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the complaint inasmuch as they concern allegations about unidentified persons.

5. Deny the allegations set forth in paragraph 5 of the complaint, except admit that plaintiff purports to base jurisdiction as stated therein.

6. Deny the allegations set forth in paragraph 5 of the complaint, except admit plaintiff purports to lay venue as stated therein.

7. Deny the allegations set forth in paragraph 7 of the complaint, except admit that no Notice of claim has been filed.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the complaint.

9. Deny the allegations set forth in paragraph 9 of the complaint.

10. Deny the allegations set forth in paragraph 10 of the complaint.

11. Deny the allegations set forth in paragraph 11 of the complaint, except admit plaintiff was transported to the 17th Precinct.

12. Deny the allegations set forth in paragraph 12 of the complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the complaint.

15. Deny the allegations set forth in paragraph 15 of the complaint.

16. In response to the allegations set forth in paragraph 16 of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, as if fully set forth herein.

17. Deny the allegations set forth in paragraph 17 of the complaint.

18. Deny the allegations set forth in paragraph 18 of the complaint.

19. In response to the allegations set forth in paragraph 19 of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, as if fully set forth herein.

20. Deny the allegations set forth in paragraph 20 of the complaint.

21. Deny the allegations set forth in paragraph 21 of the complaint.

22. In response to the allegations set forth in paragraph 22 of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, as if fully set forth herein.

23. Deny the allegations set forth in paragraph 23 of the complaint.

24. Deny the allegations set forth in paragraph 24 of the complaint.

25. In response to the allegations set forth in paragraph 25 of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, as if fully set forth herein.

26. Deny the allegations set forth in paragraph 26 of the complaint.

27. Deny the allegations set forth in paragraph 27 of the complaint.

28. Deny the allegations set forth in paragraph 28 of the complaint.

29. Deny the allegations set forth in paragraph 29 of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

30. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

31. The City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

32. To the extent the complaint alleges any claims against the City arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

33. Punitive damages are not available against the City of New York.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

34. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the defendants.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

35. There was reasonable suspicion to stop and detain plaintiff.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

36. There was probable cause for plaintiff's arrest, prosecution and detention.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

37. Plaintiff provoked any use of force by resisting arrest and/or failing to obey lawfully issued orders.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

38. Any force used to arrest plaintiff was reasonable under the circumstances.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

39. The individual defendants are entitled to qualified immunity.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

40. This action is barred in whole or in part by the doctrines of res judicata and/or collateral estoppel.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

41.   This action is barred in whole or in part by the applicable limitations period.

**WHEREFORE**, defendants City of New York and Police Officer Ava Williams request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       July 21, 2008

                MICHAEL A. CARDOZO
                Corporation Counsel of the
                City of New York
                Attorney for Defendants City of New York and
                Police Officer Ava Williams
                100 Church Street, Room 3-159
                New York, New York 10007
                (212) 788-8698

By: _____
    Steve Stavridis

(By ECF)

TO:   Gerald Allen, Esq.
      Goldberg & Allen, LLP.
      Attorneys for Plaintiffs
      49 west 37th Street
      New York, New York  10018
      (212) 766-3366